MYERS *v.* HOEHEIMER. .

## Opinion delivered April 18, 1927.

1. PRINCIPAL AND SURETY—ABSTRACT INSTRUCTION.—In an action on a note against the makers, an instruction that, if a co-maker delivered a mortgage on personal property to secure the note, and such mortgaged property was lost through plaintiff's negligence, the note should be credited with the value of the mortgaged property, *held* not warranted by the evidence.

2. PRINCIPAL AND SURETY—NOTICE TO SUE PRINCIPAL.—To release a surety, notice to the holder of a note to sue the principal, under Crawford & Moses' Dig., § 8287, 8288, must be in writing.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; reversed.

*Norwood & Alley,* for appellants.

HUMPHREYS, J.   This suit was brought by appellant against appellee and G. H. Johnson to recover a balance of $260.24 on a note executed by them and P. M. Morrison to him on December 22, 1919, for money borrowed by Morrison.   The note, with the credits thereon, is as follows:

"Hatfield, Arkansas, 12/22/1919.

"One year after date, we or either of us promise to pay to D. E. Myers, or order, the sum of two hundred twenty-five dollars, for value received, with interest at the rate of 10 per cent. per annum from date, payable at the Bank of Hatfield.   All principal or interest not paid when due shall bear interest at ten per cent. per annum, and failure to pay interest when due shall cause the whole of the note to become due and collectable at once.   Should suit be commenced for the collection of this note, a reasonable amount shall be allowed as attorney fees and taxed with the cost, whether it goes to judgment or not, and holder may sell at public or private sale, without notice, any and all collaterals held as surety for this note, at any time, and credit proceeds on this note, or collect collateral by law and apply proceeds as aforesaid. And the several makers, sureties and indorsers hereto hereby waive appraisement, notice of extension, nonpayment and protest, and agree that any extension of time

made hereon, or renewal thereof, shall not affect their liability, whether they have notice of such extension or renewal or not.

"P. M. Morrison

"John C. Hoeheimer

"G. H. Johnson.

"Credits: 10-30-22, $75.10, wagon and mules. 4-16-23, $17.50, cattle. 5-30-24, $3.60, estate."

G. H. Johnson did not file an answer, and judgment was rendered against him for $276.40, the balance due upon the note with interest to November 14, 1925, the date of said judgment. Appellee, John C. Hoeheimer, interposed the defense that, at the time the note was signed by him, a mortgage was also given by P. M. Morrison to appellant on a pair of mules, wagon and other chattels, the value of which was in excess of the note; that the alleged mortgage was filed and became a lien on the property, but the lien and property covered by the mortgage which secured the note was lost because appellant permitted the property to be removed from the State without objection.

The cause was submitted to a jury upon the pleadings, testimony and instructions of the court, over the objection of appellant, who asked the court to instruct a verdict for him. The jury rendered a verdict for $150 and costs against appellee, and a judgment was rendered in accordance therewith, from which is this appeal.

The court instructed the jury as follows:

"If you believe from a preponderance of the evidence that, when the note in controversy was executed by Morrison, and signed by the defendant, Hoeheimer, as surety, the said Morrison executed and delivered to the plaintiff, Myers, a mortgage conveying to said Myers certain personal property to secure the payment of said note, and that such mortgaged property was lost through the want of diligence or through the negligence of said Myers, you will credit the note, if you find for the plaintiff upon said note, with whatever sum you may find the value of such mortgaged property to have been."

This instruction was not warranted by the testimony, and was therefore abstract and erroneous.

D. E. Myers testified positively that he did not take a mortgage from P. M. Morrison on chattels to secure the payment of the note; that, nearly two years after the execution of the note, he took a mortgage from Morrison upon chattels to secure another note which Morrison owed him, and a second mortgage on four cattle and a wagon as security on the first note, and realized $17.50 out of them, and credited the note with the amount.

Appellee testified that he was sure that Morrison gave Myers a mortgage upon personal property to secure the note in question at the time they executed it, but that, after searching, he failed to find it on file or any record of it having been filed. He pleaded in his answer that it was filed and became a lien upon the property. In order to verify the allegation and meet the issue presented by the positive evidence of Myers to the effect that no such mortgage was executed, he should have presented the mortgage or a record showing that it was filed, or, at least, have testified that such a mortgage was executed. He admitted that he never saw the mortgage, but he stated that he thought one was executed. His testimony on the point was not sufficiently definite to make an issue for the jury, and, for that reason, the court should have peremptorily instructed a verdict in favor of appellant for the full amount due upon the note, after deducting the credits which had been entered thereon.

Although the makers of the note appear to be principals, the record reflects that appellee and Johnson were in fact sureties. P. M. Morrison left the State after the maturity of the note, taking all of his property with him. Testimony was admitted in the trial of the cause relative to a request made by appellee to appellant to bring suit upon the note and to enforce collection thereof against P. M. Morrison before he left the State. The evidence is conflicting upon the point, but the conflict did not present an issue for determination by the jury. Even if the fact had been undisputed, it would not have

exonerated appellee from liability on the note. In order to have escaped liability on this account he must have given written notice to appellant to commence suit against Morrison. Sections 8287 and 8288, Crawford & Moses' Digest.

On account of the error indicated the judgment is reversed, and judgment is directed to be entered here in favor of appellant against appellee for $276.40, with interest at the rate of 10 per cent. per annum from November 14, 1925.